UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LLOYD D. MEEKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00215-JMS-DLP |
| | ) |
| WARDEN USP Terre Haute, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Lloyd D. Meeks, a federal inmate incarcerated at the U.S. Penitentiary at Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

### I. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence."

*Roundtree*, 910 F.3d at 313 (citing *e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)).

> The Seventh Circuit construed the savings clause in the *In re Davenport* holding:
>
> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. The Seventh Circuit has explained that, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

## II. Factual and Procedural Background

On February 10, 2009, Meeks and his maternal half-brother Douglas Marcel Meeks were charged in the Southern District of Iowa in a Superseding Indictment with conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count 1); distributing at least 5 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 18 U.S.C. § 2 (Counts 2 and 3); and tampering with a person, in violation of 18 U.S.C. § 1512 (Counts 4 and 5). *United States v. Meeks et al.*, No. 3:08-cr-00086-JAJ-TJS-2 (S.D.

2

Iowa 2008) ("Crim. Dkt."), Dkt. 34. The two counts for tampering with a person were dismissed prior to trial. Following a three-day trial, a jury in the Southern District of Iowa found Meeks and his half-brother guilty of conspiracy to distribute at least 50 grams of cocaine base (Count 1) and distributing at least 5 grams of cocaine base (crack cocaine) (Counts 2 and 3). *United States v. Meeks*, 639 F.3d 522, 525-26 (8th Cir. 2011). Because Meeks had at least two prior felony drug convictions, the court sentenced him to mandatory life imprisonment on the conspiracy count and a concurrent term of 360 months' imprisonment on the individual distribution count. *Id.*

The prior felony drug convictions were identified by the government in a § 851 Information. Crim. Dkt. 61. The following prior convictions were:

- On or about February 23, 2007, in Iowa District Court in and for Scott County, Criminal No. FECR295066, a conviction for a controlled substance offense, Iowa Code 124.401(d), and sentenced to five years in prison, a Class D felony under Iowa law.

- On or about November 30, 1998, in Cook County, Illinois, Criminal No. 98CR17889, a conviction for "Other Amount Narcotic Sch I & II," a violation of Illinois Chapter 720-570/401(d), and sentenced to seven years in prison, a Class 2 felony under Illinois law;

- On or about October 4, 1994, in Cook County, Illinois, Criminal No. 94CR12499, a conviction for "Amt Narc Sched I/II," a violation of Illinois Chapter 720-570-407(b)(2) and sentenced to four years in prison, a Class 1 felony under Illinois law;

- On or about December 10, 1993, in Cook County, Illinois, Criminal No. 93CR0322001, a conviction for "PCS with intent any Amt I, II", a violation of Illinois Chapter 56.5/1401 and sentenced to 16 months' probation, a felony under Illinois law; and

- On or about December 10, 1993, in Cook County, Illinois, Criminal No. 93CR1838301, a conviction for "PCS Any Other Amt" a violation of Illinois Chapter 56.5/1401 and sentenced to 16 months' probation, a felony under Illinois law.

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). Dkt. 14. The PSR found that Meeks was a career offender, under § 4B1.1(a) based on his prior convictions for cocaine trafficking in 1994 and 1998 and for marijuana trafficking in 2007. *Id.* ¶ 46.

The PSR calculated a total of 19 criminal history points, which yielded a Criminal History Category VI. *Id.* ¶ 68. This resulted in a sentencing range of 360 months to life imprisonment. *Id.* ¶ 121. However, because of Meeks' prior felony drug convictions, a statutory mandatory term of life imprisonment was required as to Count 1, pursuant to 21 U.S.C. § 841(b)(1)(A), so the guideline sentencing range was life imprisonment. *Id.* ¶¶ 120-121.

Meeks' convictions and sentence were affirmed on appeal. *Meeks*, 639 F.3d at 529.

In 2012, Meeks moved to vacate his convictions pursuant to 28 U.S.C. § 2255 on grounds that he was not present at the answering of jury questions. *Meeks v. United States*, No. 4:12-cv-00444-JAJ (S. D. Iowa 2012), Dkt. 1; *see also Meeks v. United States*, 742 F.3d 841, 842 (8th Cir. 2014). The district court denied the motion finding "no harm resulted from the absence." Meeks, 742 F.3d at 843. The Eighth Circuit affirmed the denial of § 2255 relief. *Id.* It reasoned that Meeks had failed to raise this issue on direct appeal and failed to show cause for the procedural default. *Id.* at 844.

In 2016, Meeks filed a second or successive § 2255 motion raising four claims. *Meeks v. United States*, No. 4:16-cv-00399-JAJ (S.D. Iowa 2016), Dkt. 1, 6. He raised four claims: a claim under *Johnson v. United States*, 135 S. Ct. 2251 (2015); a due process claim (also citing *Johnson*); a double jeopardy claim; and a claim that the government did not plead in the indictment nor prove at trial the fact of his prior felony drug convictions. *Id.*, Dkt. 6 at 2-3. The district court summarily dismissed the motion finding that Meeks had failed under § 2255(h) to get permission from the appellate court to file a second or successive § 2255 motion. *Id.* at 4. The district court further noted that *Johnson* did not apply to Meeks and his claims that were not dependent on *Johnson* were untimely. *Id.* Meeks was denied a certificate of appealability. *Id.*

Meeks now challenges his conviction and sentence in this Court pursuant to 28 U.S.C. § 2241.

### III. Relevant Legal Background

Meeks was sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). Section 841 provides in relevant part that, "[i]f any person commits [a violation of this section] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A). The term "felony drug offense" in 21 U.S.C. § 841(b)(1) is defined exclusively by 21 U.S.C. § 802(44). *Burgess v. United States*, 553 U.S. 124, 130 (2008). It is defined as a prior state or federal offense (1) punishable by more than one year in prison, and (2) that "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The Seventh Circuit has explained that a court uses the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to analyze whether a prior drug conviction qualifies as a "felony drug offense" under § 802(44). *See United States v. Elder*, 900 F.3d 491 (7th Cir. 2018).

Under the categorical approach, in "determining whether a given state conviction qualifies as a predicate offense," a court "'focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the crime referenced in the federal statute], while ignoring the particular facts of the case.'" *Elder*, 900 F.3d at 498 (citing *Mathis*, 136 S. Ct. at 2248). "A state crime may qualify as a predicate conviction only if the elements of the state crime mirror, or are narrower than, the elements of the generic crime." *Id.* at 501 (internal quotations and citations omitted.). "If [a] state law defines the offense more broadly than the [federal statute], the prior conviction doesn't qualify as a [predicate offense], even if the defendant's *conduct* satisfies all of the elements of the [federal] offense." *Id.* (internal quotations and citations omitted).

"The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*,

5

136 S. Ct. at 2248. The court "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*

If, however, a statute is "divisible," a modified categorical approach applies. *Elder*, 900 F.3d at 502. A statute is "divisible" when it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." *Descamps v. United States*, 570 U.S. 254, 257 (2013). As the Supreme Court explained in *Descamps*,

> [i]f one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.

*Id. Shepard v. United States*, 544 U.S. 13, 20 (2005), instructs that a district court is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented," or "to some comparable judicial record of this information." *See United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011).

The Supreme Court in *Mathis* further instructs that there is a difference between alternative elements of an offense and alternative means of satisfying a single element. *Mathis*, 136 S. Ct. at 2250. Elements must be agreed upon by a jury. *Id.* at 2256. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense, not an element of the offense. *Id.* "In determining whether a statute is divisible, [the court] look[s] first to whether there is 'a decision by the state supreme court authoritatively construing the relevant statute' and establishing which facts are elements and which are means." *Elder*, 900 F.3d at 502 (internal quotations and citations omitted). "Absent a controlling state-court decision, the text and structure of the statute itself may provide the answer."

6

*Id.* "Finally, [f]ailing those authoritative sources of state law, sentencing courts may look to the record of a prior conviction itself for the limited purpose of distinguishing between elements and means." *Id*. at 502-03.

## IV. Discussion

Meeks argues that his prior Illinois and Iowa drug convictions should not have been used to impose a mandatory life sentence pursuant to 21 U.S.C. § 841. *See* dkt. 1; dkt. 2. He further argues that, given *Mathis*, his prior convictions do not qualify him as a career offender and he should be resentenced without the career offender enhancement. Dkt. 1; dkt. 2. The United States filed a response in opposition. Dkt. 13. Meeks filed a reply. Dkt. 17. The petition is now ripe for ruling.

### A. Appropriate Circuit Law Applicable to this Petition

As an initial matter, the respondent argues that the Court should apply the "substantive law of the Eighth Circuit" to determine if Meeks fits the savings clause of § 2255(e). *See* dkt. 13 at 10-14. From there, the respondent argues that Meeks may not proceed under the savings clause because, under Eighth Circuit law, *Mathis* is not considered "new" law or applied retroactively on collateral review. *Id.* at 11.

Although the Seventh Circuit has instructed in *Davenport* that a petitioner must meet three conditions to fit within the savings clause, the Seventh Circuit has otherwise not decided "which circuit's law applies to a 2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit." *Cano v. Warden*, No. 2:17-cv-00441-JMS-MJD, Dkt. 24 at 5 (S.D. Ind. July 11, 2018) (internal citations omitted). Indeed, as recently as on December 26, 2018, the Seventh Circuit declined to address the procedural hurdle of "whether this court should apply our own precedent or Sixth

Circuit precedent (or simply the law of the United States of America, since we operate within a unified system)." *Shepherd v. Krueger*, 911 F.3d 861, 863 (7th Cir. 2018).

The Court need not decide which circuit's law applies because the case can be resolved more simply on the merits. In other words, even if there is a circuit dispute regarding whether *Mathis* is retroactive, under either Circuit's precedent, there was not a miscarriage of justice because Meeks was properly sentenced. Each of the three *Davenport* requirements to invoke the savings clause of § 2255(e) is discussed below.

### B. Statutory-Interpretation Case

The parties agree that, under Seventh Circuit law, Meeks meets the first savings clause requirement. Dkt. 13 at 13-14. He challenges his sentence under *Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements").

### C. Retroactivity

The parties also agree that, under Seventh Circuit law, Meeks meets the second savings clause requirement. Dkt. 13 at 13-14. The Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted).

### D. Miscarriage of Justice

The final question is whether there has been a miscarriage of justice. Meeks argues that there has been a miscarriage of justice because he was wrongfully sentenced as a career offender and because he was subject to a statutorily mandatory life sentence under 21 U.S.C. § 841.

### 1. Career Offender

Although Meeks was found to be a career offender under the Guidelines, his life imprisonment sentence was imposed as a result of 21 U.S.C. § 841(b)(1)(A), which required a mandatory minimum sentence of life, and not as a result of his career offender designation. Accordingly, Meeks cannot obtain habeas relief to the extent he argues he is no longer a career offender under *Mathis*.

### 2. Strikes Under 21 U.S.C. § 841

Meeks was sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) because he had five prior felony drug convictions. Meeks only challenges four prior convictions: a 2007 Iowa felony drug conviction under Iowa Code 124.401(d); a 1998 Illinois felony drug conviction under Illinois Chapter 720-570/401(d); and two 1993 Illinois felony drug convictions under Illinois Chapter 56.5/1401. *See* dkt. 2.

Meeks did not challenge his 1994 Illinois felony drug conviction under Illinois Chapter 720-570/407(b)(2) in his § 2241 petition. The United States argues that the challenge is waived because it was not raised in his initial petition. Dkt. 13 at 14. Because the Seventh Circuit has repeatedly warned that "[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived," *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) (citation omitted), Meeks' 1994 Illinois felony drug conviction remains a predicate offense under § 841.

On February 23, 2007, Meeks was convicted in Iowa District Court for Scott County, Criminal No. FECR295066, for possession with intent to deliver marijuana, in violation of Iowa Code 124.401(d), and sentenced to five years in prison, a class D felony under Iowa law. Meeks

argues that Iowa Code 124.401(d) is broader than the federal drug statute because it does not require that the crime be done "knowingly." Dkt. 2 at 19-20; dkt. 17 at 10-12[1].

The Court understands Meeks to be arguing that the appropriate analysis of determining whether his prior Iowa conviction qualifies as a "felony drug offense" is to compare Iowa Code 124.401(d) to 21 U.S.C. § 841(a) and determine whether the Iowa statute covers more actions then the federal statute. But that is not the proper analysis.

Iowa Code 124.401 provides relevantly:

Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

As noted before, the term "felony drug offense" in 21 U.S.C. 841(b)(1) is defined exclusively by § 802(44) – not 21 U.S.C. § 841(a). *Burgess*, 553 U.S. at 130. It is broadly defined as any prior state or federal offense (1) punishable by more than one year in prison, and (2) that "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Because § 802(44) broadly applies to includes any state or federal offense that "prohibits or restricts conduct relating to" certain substances, Meeks' argument about a requirement of "knowingly" is irrelevant. Accordingly, Meeks' 2007 Iowa felony drug conviction remains a predicate felony drug offense under § 841.

Meeks has at least two predicate felony drug offenses under § 841, so the Court does not need to continue to analyze whether his other three prior felony drug convictions remain predicates

---

[1] Meeks raised a number of new claims for relief in his reply brief, *see* dkt. 17, but these new arguments are waived. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Accordingly, no habeas relief is available on these newly raised grounds.

under § 841. *Mathis* did not change this analysis. Meeks cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

## V. Conclusion

For the foregoing reasons, Meeks has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 865 F.3d 894, 900 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/26/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LLOYD D. MEEKS
41038-424
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel

11